James Witt
1343 N. 10th Ave.
Hanford, California 93230



FILED

MAY 15 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

United States District Court
Eastern District of California

UNITED STATES OF AMERICA" aka "Evan)  Civil docket #1:15-cv-00418-LJO-SAB
Moses, Bobbie Montoya"                 )
                                       )
        petitioner,                    )     Motion to dismiss
    vs.                                )
                                       )
James Witt,                            )
                                       )
        alleged respondent             )

Now Comes James Witt, alleged defendant, by special appearance and under threat, duress and coercion, not submitting asserted jurisdiction over me, who hereby moves this court to dismiss the complaint filed on behalf of Evan Moses for a lack of standing and jurisdiction. Grounds are further set forth below.

1. No evidence of jurisdiction. Moses Evans and his attorney, Bobbie Montoya have assumed the constitution and code apply to me and the IRS had jurisdiction to investigate me. They also assumed the constitution and code applied and this court would have jurisdiction over me.

While Montoya will certainly cite legal opinions, opinions, even those of federal judges, are not evidence. Montoya may also chant the typical "frivolous argument" mantra common with the IRS and US attorney's office. A lack of evidence, as admitted by Moses himself, is not a "frivolous argument" regardless of the twisted logic Montoya may use to justify conflating *stare decisis* with *res judicata*.

Montoya filed a complaint into this court without doing a reasonable investigation of the evidence prior to filing, this is a violation of rule 11 and sanctionable. As shown in the attached

affidavit, Moses is, by his own admission, unqualified to discuss the facts his arguments are based, this included the argument the constitution and code apply and the IRS and the court have jurisdiction over me.

27 April 2015, Marc Stevens and I spoke with Moses on the phone. When asked about evidence his argument the constitution and code applied to me and the IRS had jurisdiction to investigate, Moses could not provide any admitting he was not qualified to answer such question. He stated Montoya was and they would call us.

Moses admitted he did the summons himself, that he was not advised by Montoya. Despite this, Moses insisted we need to speak with Montoya. That was a dodge to avoid how damaging his admission is to his credibility. Further damaging his credibility, Moses did not call back with Montoya, instead he left a message saying I could raise the issue in court.

2.  Irrefutable presumptions violate due process.  If the argument/presumption the constitution and code apply to me is considered irrefutable, then that violates due process, Vlandis v. Kline, 412 U.S. 441 (1973).

If Montoya is given a pass and does not have to provide evidence, from a witness with personal knowledge, the constitution and code apply and this court has jurisdiction, then that is a denial of defense and violates due process. We already know Moses, the sole witness, admittedly does not have personal knowledge.

3.  Bad faith, not a legitimate purpose under the law.  Moses lost any credibility when he admitted he was not qualified to discuss the evidence his arguments are based on. He claimed Montoya was the expert, not him.

Admittedly not having evidence to support his argument the code applies to me proves the summons was not issued for a legitimate purpose under the law as Moses has no evidence it applies. Moses is not qualified to make the legal conclusion the constitution and code apply to me. If Moses

and Montoya were exercising good faith, they would have withdrawn the complaint. It's bad faith to know you have no evidence, you're not qualified and still pursue the matter in court.

If the matter is not dismissed, then I will be putting Moses on the stand and cross-examining him at the show cause hearing. Magistrate Boone has no discretion to deny cross-examination, he may only limit confrontation to either a deposition or cross-examination in court.

4. No justiciable case or controversy. Montoya's copy and paste complaint does not present a justiciable case or controversy, so there is no standing to complain.

The foundation for standing is article III § 2 of the United States constitution: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..." Standing is required because "courts only adjudicate justiciable controversies." United States v. Interstate Commerce Commission, 337 US 426, 430. The elements of standing are:

> "The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984).

To have standing, a plaintiff must allege the violation of a legal right. The plaintiff has not alleged the violation of a legal right. Therefore, there is no standing to complain:

> "The plaintiff must show that he himself is injured by the challenged action of the defendant. The injury may be indirect, see United States v. SCRAP, 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973), but the complaint must indicate that the injury is indeed fairly traceable to the defendant's acts or omissions. Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1925-1926, 48 L.Ed.2d 450 (1976); O'Shea v. Littelton, 414 U.S. 488, 498, 94 S.Ct. 669, 677, 38 L.Ed2d 674 (1974); Linda R. S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)." Vil. of Arlington Hts. v. Metro Housing Dev., 429 U.S. 252, 262.

The plaintiff has failed to allege both elements of standing. Therefore, there is no justiciable controversy and the plaintiff lacks standing to complain.

5. Lack of jurisdiction. "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." National Organization for Women, Inc., v. Scheidler, 510 US 249. As with standing, the foundation of the court's jurisdiction is article III § 2 of the United States

constitution: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..."

If the constitution applies to this court, then the court's jurisdiction is limited to "cases". A "case", as shown above, requires an allegation of a legal right being violated and distinct injury caused thereby. The plaintiff has not alleged the violation of a legal right or injury. Therefore, there is no case before the court and the court lacks jurisdiction.

6. The complaint is "unfit for adjudication". Because American courts are adversary systems, the complaint is "unfit for adjudication":

> "The [Supreme] Court has found unfit for adjudication any cause that "is not in any real sense adversary," that "does not assume the 'honest and actual antagonistic assertion of rights' to be adjudicated…" Poe v. Ullman, 367 U.S. 497, 505 (1961).

This is not an adversary proceeding as there are no allegations I violated anyone's legal rights.

7. No prima facie showing there is a legitimate purpose. There is only a prima facie showing if there are factual allegations in the complaint the constitution and code apply to me. Moses is unable to provide any evidence to support his arguments and Montoya and magistrate Boone assumed the constitution and laws are applicable to not only assume jurisdiction over me, but to then order me to do anything.

The complaint is fatally flawed as there are no factual allegations the constitution and code in question are applicable to me:

> "First, the tenet that a court must accept a complaint's allegations as true is **inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.** Id., at 555. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, **because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.** When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft, et al. v. Iqbal et al., 556 U.S. 662, 129 S.Ct. 1937 (2008) (emphasis added).

The applicability of the code must be proven by a preponderance of evidence, not assumptions and opinion. The complaint doesn't even contain conclusory statements the laws are applicable. Magistrate Boone is required by due process to presume there is no jurisdiction until it is proven by competent proof, not just opinions and argument:

> "Federal courts are courts of limited jurisdiction...It is to be presumed that a cause lies outside this limited jurisdiction..."If a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188, 189 S., 56 S.Ct. 780, 784, 785; KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct 197, 200. Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729. Thomson v. Gaskill, 298 U.S. 178, 182-183 (1936)." Kokkonen v. Guardian Life Ins., 511 U.S. 375 (1994).

## Conclusion

Because the order was made *ex parte*, there was no presumption the complaint lies outside the court's limited jurisdiction, there is no evidence proving the constitution and code apply to establish jurisdiction, Montoya has failed to allege the required elements to establish standing to complain, there is no justiciable case, there are no true adversaries, the complaint should be dismissed.

Also, the summons was not issued for a legitimate purpose as Moses is admittedly no qualified to make such legal conclusion.

Submitted this 13 day of MAY 2015

James Witt

## Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this 3 day of MAY 2015, to the plaintiff at the following address:

Bobbie Montoya
501 I Street, Suite 10-100
Sacramento, California 95814-2322

James Witt

James Witt
1343 N. 10th Ave.
Hanford, California 9323

United States District Court
Eastern District of California

UNITED STATES OF AMERICA" aka "Evan   Civil docket #1:15-cv-00418-LJO-SAB

Moses, Bobbie Montoya"   )
)
    petitioner,   )   Supporting affidavit
  vs.   )
)
James Witt,   )
)
    alleged respondent   )

Now Comes James Witt, who submits the following supporting affidavit to my motion to dismiss. The following statements are based on personal, first hand knowledge and I am competent to testify to veracity of each statement:

1. 27 April 2015, Marc Stevens and I spoke with IRS agent Evan Moses on the phone.

2. Stevens asked about Moses if he it was his opinion the constitution and code applied to me and jurisdiction and Moses said yes.

3. Stevens then asked if Moses had any evidence to support his argument the constitution and code applied and the IRS had jurisdiction.

4. Moses avoided answering the question and mentioned Montoya who would be more appropriate to speak with, claiming such question was outside the scope of what he could discuss.

5. Moses claimed he could not make a legal stance on behalf of the IRS and admitted he did the summons and claimed it was for a legitimate purpose under the law.

6. Moses again agreed he believed the constitution and laws applied to me and Stevens asked again if Moses had any evidence to support his argument. Moses mentioned some legal arguments/presumptions and Stevens stated they presupposed his argument the laws applied is true.

7. Stevens asked again what evidence, if any, Moses relied on to prove his argument the constitution and code apply and the IRS has jurisdiction. Moses said it was not a matter he could discuss as this time.

8. Stevens asked why Moses could not discuss the evidence claiming it was because Stevens is not an actual attorney. Stevens pointed out he was authorized third party, Moses had already agreed to speak with Stevens. Moses again tried to transfer the issue to Montoya and Stevens pointed out that Moses issued the summons and Moses agreed it did not involve Montoya.

9. Stevens asked Moses to clarify that Moses does not want to discuss the evidence his arguments are based because he is not qualified to discuss that issue and Moses said, "Correct."

10. Moses again stated he would call us the next day with Ms. Montoya. That call was not made.

The foregoing statements are made based on personal knowledge and sworn to this day of

13 MAY 2015.

James Witt

James Witt

See attached Jurat

Done before me this day of _____ 2015 before me, a notary public.

_____          Seal:

Notary Public

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA JURAT

State of California )

County of __Kings__ )

Subscribed and sworn to (or affirmed) before me on this __13th__ day

of __May__ , 20 __15__ , by __James Witt__

_____ ,

proved to me on the basis of satisfactory evidence to be the person(X) who appeared before me.

Signature _Laurie Flanigan_

LAURIE FLANIGAN
COMM. #2034463
Notary Public - California
Kings County
My Comm. Expires Aug. 21, 2017

(Seal)

---

## *OPTIONAL INFORMATION*

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

This certificate is attached to a document titled/for the purpose of

_____

containing _____ pages, and dated _____ .

### Additional Information

**Method of Affiant Identification**

Proved to me on the basis of satisfactory evidence:
└ ○ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____   Entry # _____

Notary contact: _____

**Other**

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

© Copyright 2007-2014 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507 All Rights Reserved. Item Number 101884 Please contact your Authorized Reseller to purchase copies of this form.

## Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this $3$ day of
$MAY$ _____ 2015, to the plaintiff at the following address:

**Bobbie Montoya**
**501 I Street, Suite 10-100**
**Sacramento, California 95814-2322**

James Witt