# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES W. WITT,<br><br>　　　　Respondent. | Case No. 1:15-cv-00418-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PETITIONER'S PETITION TO ENFORCE IRS SUMMONS BE GRANTED<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

　　　　On March 16, 2015, Petitioner United States of America ("Petitioner") filed a petition to enforce an IRS summons against Respondent James W. Witt ("Respondent"). (ECF No. 1.) On May 15, 2015, Defendant James W. Witt filed a motion to dismiss the petition.[1] (ECF No. 7.) The Court finds it appropriate for the matter to be decided on the record and briefs on file without oral argument. <u>See</u> Local Rule 230(g).

　　　　For the reasons set forth below, the Court recommends that Petitioner's petition to enforce the IRS summons be granted.

/ / /

/ / /

---

[1] The Court construes Respondent's motion to dismiss as his opposition to the petitioner to enforce the IRS summons. Pursuant to the Court's March 20, 2015 order, Respondent's written opposition to the petition was to be filed on or before June 1, 2015. To date, Respondent has not filed any other document which could be construed as an opposition other than the motion to dismiss.

1

# I.

# BACKGROUND

The petition alleges that Internal Revenue Service ("IRS") Revenue Officer Evan D. Moses is conducting an investigation of Respondent concerning federal income taxes for years ending December 31, 1997, December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2008. On July 29, 2014, Mr. Moses issued an IRS summons directing Respondent to testify and produce certain documents related to the investigation on August 26, 2014 at the IRS's office in Fresno, California. On July 30, 2014, Mr. Moses left a copy of the summons at the last and usual place of abode for Respondent, at 1343 N. 10th Avenue, Hanford, California. Respondent did not appear on August 26.

On May 15, 2015, Respondent, proceeding pro se, filed a document in this action entitled "Motion to dismiss." (ECF No. 7.) The Court construes this document as an opposition to the petition.

# II.

# LEGAL STANDARDS

Pursuant to 26 U.S.C. § 7602, the IRS has authority to issue summonses to investigate tax returns and tax liabilities. Enforcement of IRS summonses is governed by 26 U.S.C. § 7604, which states, in pertinent part:

> **(b) Enforcement.--**Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

Jurisdiction of this Court to enforce summonses is expressly provided under 26 U.S.C. § 7402(b)

and 7602(a).  In issuing an IRS summons:

> ...the [government] need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired.  He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed....

U.S. v. Powell, 379 U.S. 48, 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met."  U.S. v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993) (citing U.S. v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); Liberty Financial Servs. v. U.S., 778 F.2d 1390, 1392 (9th Cir. 1985)).  "Once the prima facie case is made, a 'heavy' burden falls upon the taxpayer to show an abuse of process ... or lack of institutional good faith."  Id. (citations omitted).  "The burden [on the government] is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'"  Crystal v. U.S., 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting Liberty Fin. Servs. v. U.S., 778 F.2d 1390, 1392 (9th Cir. 1985)).

## III.

## DISCUSSION

Respondent argues that Petitioner "assume[] the constitution and code apply to [Respondent] and the IRS had jurisdiction to investigate [Respondent]."  (Mot. to Dismiss, at pg. 1.)  Respondent cites Vlandis v. Kline, 412 U.S. 441 (1973), in support of his argument that the Court cannot irrefutably presume that the United States Constitution and the United States Code apply to Respondent.  Vlandis is inapplicable.  The Court does not irrefutably presume that the United States Constitution or the United States Code applies in this context against Respondent.  The facts alleged in the petition and attested to by Evan D. Moses in his declaration establish that they apply.  Respondent is a resident of this country, specifically Hanford, California, and Respondent does not dispute his residency.  Respondent cites no legal authority which supports the argument that the United States Constitution and the United States Code would not apply to

someone living in the United States.[2]

With respect to jurisdiction, the declaration of Evan D. Moses submitted by Petitioner is sufficient to establish the relevant jurisdictional facts. Jurisdiction is provided by 26 U.S.C. § 7402(b) and 7602(a). Respondent's naked denial does not divest the district court of jurisdiction. See Fortney v. U.S., 59 F.3d 117, 119 (9th Cir. 1995).

Respondent also accuses Mr. Moses of "bad faith" because Mr. Moses refused to answer Respondent's questions regarding jurisdiction and referred Respondent to speak with Bobbie Montoya from the United States Attorney's Office. The Court finds no bad faith in Mr. Moses actions in referring Respondent to his attorney. Further, Mr. Moses' actions do not establish that he lacks personal knowledge of the facts attested to in his declaration. Nor does it suggest a lack of evidence on the part of Petitioner.

Respondent argues that Petitioner lacks standing to bring this action. Respondent's argument has no merit, as the United States Code, specifically 26 U.S.C. § 7604, authorizes the United States to bring subpoena enforcement actions against individuals such as Respondent who ignore IRS subpoenas. The United States possesses a legal right to subpoena individuals in investigations relating to tax matters. Respondent's argument that this action is somehow "unfit for adjudication" similar has no merit.

Any remaining arguments raised in Respondent's briefing are clearly frivolous and do not warrant further analysis by the Court. The Court finds that Petitioner has met its burden of establishing the Powell factors. Mr. Moses' declaration shows that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

/ / /

/ / /

/ / /

---

[2] It is also worth noting that Respondent is invoking the protections of the Due Process Clause, which is established by the United States Constitution. Assuming, for the sake of argument, that the United States Constitution did not apply to Respondent, he would not enjoy the rights provided by the Due Process Clause.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY RECOMMENDED that Petitioner's petition to enforce the IRS summons be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2015**

UNITED STATES MAGISTRATE JUDGE