# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JAMES W. WITT,<br><br>Respondent. | Case No. 1:15-cv-00418-LJO-SAB<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br><br>(ECF NO. 15) |

On June 3, 2015, the magistrate judge assigned to this action issued Findings and Recommendations ("F&Rs") recommending that Plaintiff United States of America's ("Petitioner") petition to enforce IRS summons be granted. (ECF No. 8.) The F&Rs contained notice that any objections were to be filed within twenty-one (21) days. Respondent James W. Witt ("Respondent") filed objections on June 24, 2015. (ECF No. 10.) On July 6, 2015, this Court issued an Order Adopting the F&Rs (ECF No. 11), followed on July 14, 2015 by an Amended Order Adopting the F&Rs (ECF No. 14). On July 20, 2015, Respondent filed a request for reconsideration. (ECF No. 15).

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for

the motion." L.R. 230(j). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted. "A party seeking reconsideration must show more than a disagreement with the Court's decision," and cannot satisfy its burden by "recapitulate[ing] the cases and arguments considered by the court before rendering its original decision." *United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Here, Respondent's request for reconsideration merely restates arguments (e.g., that the IRS has no jurisdiction to investigate Respondent) that were previously raised and rejected. Therefore, his motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **July 30, 2015**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE