James Witt
1343 N. 10th Avenue
Hanford, California 93230



FILED

AUG 03 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

United States District Court

Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA" aka "Evan Moses, Bobbie Montoya" | Civil docket #1:15-cv-00418-LJO-SAB |
| petitioner, | Amended Motion to Rehear/reconsider |
| vs | |
| James Witt, | |
| alleged respondent | |

Judge O'Neill did do a "de novo review" as per AMENDED ORDER of July 13, 2015 filed on July 14, 2015 and mailed on July 14, 2015. There are still **no facts** proving jurisdiction. Montoya's conclusionary statements were take as fact and cross-examination was denied. Grounds are further set forth below.

1. In O'Neil "de novo review." De novo review did not include Montoya's **burden of proof** and a cross-examination of agent Moses. Boone deliberately vacated the order to show cause hearing because I intended on cross-examining Moses.

Moses presented **no facts** in his declaration, only legal opinions and arguments. Whether I'm a resident is a legal opinion that must be based on facts or DENIED. It presumes Montoya's argument is true, that the constitution and code apply to me because I'm physically in California.

Rehearing/Reconsideration                    -1-

Moses **_admitted_** he was not qualified to even make the argument.  Apparently the IRS doesn't have to be qualified in the federal courts, the judges favor the IRS to such a degree, that fundamental principals of fairness and due process just do **not** apply.  It's a disgraceful double-standard; Boone and O'Neil would never accept an uncontested affidavit from alleged defendant.  The alleged defendant is contacting Moses to set the meeting date at his earliest convenience.  See attached question to be asked of Moses.

2. <u>Frivolous used to negate denial of cross examination</u>.  Even if Moses had presented facts supporting his argument that the constitution and code applied to me, there is no excuse to deny cross examination.  It's unfair and violates due process.

Moses told us (me and a witness) on the phone he was not qualified to discuss the evidence on which his arguments were based.  He lied and said we could speak to him with his attorney, then called back and said there would be no communication outside the show cause hearing.  Boone conveniently vacated the hearing.  No cross examination with an unqualified witness.  The IRS is very favored.

Moses's admission is a serious cloud on his credibility, fairness/due process dictate that Moses should have been subjected to cross-examination.  Boone and O'Neil protected Moses from that confrontation.  Moses nor Montoya had to present a shred of evidence to support their arguments.

The best they had was a legal argument that I'm a resident, an argument that presumes their argument is true, that the constitution and code apply to me because of I'm physically in California.  Boone and O'Neil accepted, without challenge, a legal opinion based on an argument presented by Moses through his attorney.

Rehearing/Reconsideration                    -2-

3. <u>Institutional bad faith</u>. The record clearly proves bad faith. Moses admitted he was not qualified. Montoya refused to allow any communication outside the court. Boone vacated the hearing denying cross-examination and O'Neil falsely stated Moses had presented evidence in his declaration.

Neither Boone nor O'Neil cited the alleged facts from the declaration because there are no facts proving jurisdiction in the declaration. They know there are no facts and that's why, true SOP for federal judges, denied any confrontation of Moses. In other words, no cross-examination of either Moses or Montoya.

Writing a denial of cross-examination is "frivolous" is evidence of O'Neil's bad faith. It's common with attorneys to negate an argument with this one magical word, and it's dishonest. Just writing "frivolous" does not address or negate the argument. I was denied cross-examination, it's unfair and violates due process. It's such a clear violation O'Neil doesn't even try to justify it.

Overlooking Moses's admission, that he is not qualified to discuss the evidence on which his arguments are based, is strong evidence of bias heavily in favor of the IRS. Why else would they accept his legal opinions and deny cross-examination?

4. <u>No evidence of jurisdiction, irrefutable presumption</u>. Moses, Montoya, Boone and O'Neil all assumed the constitution and code apply to me and the IRS had jurisdiction to investigate me. They also assumed the constitution and code applied and this court would have jurisdiction over me. They added "insult to injury" by treating it as *irrefutable*. Any challenge is automatically called "frivolous" and ignored which I will prove at our future meeting at the IRS office at 2525 Capitol Street in Fresno.

This is an issue of fact, not law. Montoya made an argument and didn't provide a shred of

Rehearing/Reconsideration                     -3-

evidence to support it. Boone and O'Neil held it was *irrefutable* and that violates due process. See

Vlandis v. Kline, 412 U.S. 441 (1973).

Neither Boone nor O'Neil presumed the complaint was outside the court's **limited**

jurisdiction. They assumed the laws applied not on "competent proof," but upon a legal opinion

from Moses whom I could not confront. This is a due process violation:

> "Federal courts are courts of limited jurisdiction...It is to be presumed that a cause lies
> outside this limited jurisdiction..."If a plaintiff's allegations of **jurisdictional facts** are
> challenged by the defendant, the plaintiff bears the burden of supporting the allegations by
> competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188, 189 S.,
> 56 S.Ct. 780, 784, 785; KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct 197,
> 200. Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729. Thomson v. Gaskill, 298 U.S. 178,
> 182-183 (1936)." Kokkonen v. Guardian Life Ins., 511 U.S. 375 (1994).

Authority to Summons 26 C.F.R. §301.7602-1: Examination of books and witnesses.

IRS MUST first establish a liability BEFORE it can summons. One must be proven liable with

evidence BEFORE one can be summoned.

There are only three sections of the entire Internal Revenue Code that mentions the term

"liability," and they are : 26 USC §§1441, 1442, 1443.

> " ... we think it important to note that the Act's civil and criminal penalties attach only upon
> violation of regulations promulgated by the Secretary; if the Secretary were to do nothing,
> the Act itself would impose no penalties on anyone." *California Bankers Assn. v. Schultz*,
> 416 US 21 (1974).

There are NO internal revenue districts left as per Treasury Order 150-02 as a result of IRS

Restructuring and Reform Act of 1998. I refused to help Moses violate the law until he proves that

both the subject of the investigation and I am within an internal revenue district. Title 4 Chapter 3

§72 : All offices attached to the seat of government shall be exercised in the District of Columbia,

and not elsewhere, except as otherwise expressly provided by law. I wish to see that law.

The IRC Subtitle A income tax is a tax upon "public offices" called a "trade or business."

Rehearing/Reconsideration                    -4-

Moses must provide proof I hold a "public office" or that I am a nonresident alien with income from "sources within the United States," which means the federal government, before he can establish a liability for tax under 26 USC §871.

## Conclusion

If Boone and O'Neil believe Moses submitted "adequate evidence" proving the constitution and code apply to me because I'm physically in California, then they should cite it from the declaration. They should also explain why Moses's admission **not being qualified** was not weighed against the veracity of the declaration. Why was it accepted without cross-examination?

Relief sought. Based on the foregoing, if O'Neil cannot cite the alleged "adequate evidence" Moses presented in the declaration and cannot justify the denial of cross-examination, then the order should be vacated. If not completely dismissed, then a hearing should be set where I can cross-examine Moses.

Submitted this 3rd day of August 2015

James Witt
James Witt


## Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this 3rd day of August 2015, to the plaintiff at the following address:

Bobbie Montoya
501 I Street, Suite 10-100
Sacramento, California 95814-2322

James Witt
James Witt

- Moses, I'm here to **resolve** this matter.  I do have some questions and will be recording.
  - If he says he's not going to answer, then:
    - That is fine, I'll ask anyway.
    - Good faith dictates that if you have evidence, then you'll happily disclose to me.
    - Do you have **evidence proving** you have jurisdiction over me?
      - Yes or no only.

- OK, so is that a yes and then you have evidence proving jurisdiction?
  - If he says yes, take out the petition and ask him to point it out.

- You previously told me on the phone you were not qualified to discuss the evidence your argument is based,
  - are you qualified now?

- What evidence, I mean relevant facts, do you rely on proving the constitution and code apply to me and, you and the IRS have jurisdiction over me?
  - Moses, it's a question of evidence, it's not an argument.
  - So you think a question is an argument?
  - IRS manual about frivolous arguments,
    - ask him to cite it.
    - Moses, are you saying my question of evidence is actually a frivolous argument?
    - So you think a question is an argument?
    - So I can avoid your questions by just saying they're frivolous arguments?
    - Why do you think a question is an argument?

- It was claimed in court you think I'm a resident and that is why your constitution and code apply to me,  so again, you're argument is, because I'm physically in California, your constitution and code apply to me,
  - is your subjective opinion, or
  - it is based on evidence?

- Moses, you either have evidence to support your argument or you don't.
  - Yes or no, do you have evidence?

- Moses, are you acting in good faith here today?

- And you were acting in good faith when you issued the summons?

- Doesn't good faith include having evidence to support your arguments?

- Doesn't good faith dictate you disclose your evidence to me?

- Please show good faith and answer my question,

- o      do you have evidence proving your constitution and code apply to me just because I'm physically in California?
- o      Moses, do you really believe a 200 hundred year old written instrument applies to me just because I'm physically in California?
- o      How does that work Moses?

- For Period information: Form 1040 for the calendar periods ending, Do you have proof of my liability on these years:
  - December 31, 1997,
  - December 31, 1998,
  - December 31, 2001,
  - December 31, 2002,
  - December 31, 2003,
  - December 31, 2004,
  - December 31, 2005,
  - December 31, 2006.
  - December 31, 2007 and
  - December 31, 2008

- And if I don't answer your questions, you (or your attorney on your behalf) will file into the court for an order to show cause, seeking to have me held in contempt, right?

- Well, the previous show cause was cancelled, but this next one probably won't, and I'll put you on the stand and ask you the same questions.  I'm also going to ask you why you refused to answer me, instead you chose to use threats of violence and coercion against me.

- OK, the record shows:
  - o      Either you answer politely or
  - o      you have **refused** to provide any evidence supporting your argument the constitution and code apply to me and, that there is jurisdiction.