James Witt
1343 N. 10th Ave
Hanford, California 93230
(559) 589-9377



FILED

MAY 18 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

United States District Court
Eastern District of California

UNITED STATES OF AMERICA" aka "Evan )  Civil docket #1:15-cv-00418-LJO-SAB
Moses, Bobbie Montoya"                )
    petitioner,                          )  Objections to Bobby Montoya's petition for
vs.                                   )  contempt
James Witt,                           )
    alleged respondent                  )

Now Comes James Witt, alleged respondent, by special appearance and under threat, duress and coercion, not submitting asserted jurisdiction over me, who hereby objects to Montoya's petition for contempt. The matter is on appeal.

1. <u>This matter is currently on appeal</u>. This matter is on appeal; the briefing is not finished yet. Any enforcement before a decision will moot the appeal. If there is any legitimacy to the appeal process, then coercing me to testify against myself negates that.

And it doesn't matter if the order is eventually reversed by the appellate court, the IRS will still have been able, by Boone's violence, gotten to coerce me to testify. The IRS will continue to attack me.

2. <u>No prejudice</u>. Montoya cannot prove any prejudice to her or her supposed "client" if there is no coercion until after an unfavorable appeal. Montoya and Moses are just bullies who think threats, duress and coercion are good faith.

Montoya offers no good faith reason to moot the appeal process.

3. <u>Affidavit incorporated herein</u>. My original affidavit regarding the phone call with Evan Moses is incorporated herein by reference. This was ignored earlier and caused judge Boone to vacate the order to show cause hearing.

This affidavit proves Moses admitted to not being qualified. If Montoya disagrees, then a cross-examination is appropriate. Montoya, while screaming for MY head on a platter, will adamantly protest against Moses being on the stand for a few minutes. That is a sick irony.

Rule 602 of the rules of evidence are clear: no one may testify unless there is proof the witness has personal knowledge of the matters. We know from the 27 April 2015 phone call and Montoya's pleadings that Moses does not have personal knowledge of evidence proving the constitution and code apply to me because I'm physically in California.

4. <u>Facts are controverted</u>. Montoya continues to lie (18 USC 1001) claiming 28 USC 1340 gives judge Boone et. al., jurisdiction over me. Montoya's own witness admitted he was not qualified to discuss the evidence his legal opinions were based. Moses committed perjury when he claimed he issued the summons for a legitimate purpose under the law. That is a false statement and Montoya knows it's false.

Boone not only deliberately denied my cross-examination of Moses, he went outside the pleadings and offered his own legal opinion that I was a resident. Such legal opinion presupposes Montoya's argument is true, that the constitution and code apply to me because I'm physically in California.

I was denied cross-examination because Boone did not want Moses to admit on the stand to being unqualified. He also had to know, the pleadings bear this out, that Moses had no facts to support his opinion.

All Montoya has done is the dishonest conflating of *stare decisis* with *res judicata*; she only offered legal citations/opinions,. This is not sufficient as the Supreme Court has held many times: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Ashcroft, et al. v. Iqbal et al., 556 U.S. 662, 129 S.Ct. 1937 (2008).

Montoya knows this is the standard, even her associate, Jennifer Rubin, the attorney working on the appeal has written: "The showing must be more than '[l]egal conclusions[,] mere memorandum of law...or allegations." That is all Montoya has, e.g., "This...Court already has subject matter jurisdiction of the proceeding under 28 USC [sections] 1340...1345..." How does citing a code section prove the code applies to me? To quote the Supreme Court: "What wonderful magic." Nevada v. Hicks, 533 U.S. 353, 373 (2001).

If all one had to was quote a code section, then Moses would have done that instead of admitting he's unqualified.

5. <u>Montoya will object to my defense</u>. Yes, Montoya will argue that I cannot challenge the validity of the order, but the rules of ethics and due process do not permit Montoya to advance a claim she knows is not supported by evidence. Legal opinions are not evidence no matter how many times judges let Montoya get away with doing it.

Also, to enforce an order where evidence of jurisdiction, territorial, personal and subject matter, are so clearly lacking and the only witness has stated he is not qualified, violates due process.

## Conclusion

Based on the foregoing, the petition should be denied. If not, then I will request to cross-examine Moses at the trial.

Submitted this 25 day of April 2016

*James Witt* (signature)
James Witt

## Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this 25 day of April 2016, to the plaintiff at the following address:

Bobbie Montoya
501 I Street, Suite 10-100
Sacramento, California 95814-2322

*James Witt*
James Witt