**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner-Appellee, <br><br> v. <br><br> JAMES W. WITT, <br><br> Respondent-Appellant. | No. 15-16721 <br><br> D.C. No. 1:15-cv-00418-LJO-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 14, 2017[**]

Before:   GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

James W. Witt appeals pro se from the district court's order granting the Internal Revenue Service's ("IRS") petition to enforce a summons. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's summons-enforcement decision. *United States v. Richey*, 632 F.3d 559, 563 (9th

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011).  We affirm.

The district court did not clearly err by granting the petition because the United States met its burden of establishing its prima facie case for enforcement of the IRS summons, and Witt failed to rebut that showing.  *See United States v. Powell*, 379 U.S. 48, 57-58 (1964) (setting forth requirements for establishing a prima facie case for enforcement, and explaining that the burden is on the taxpayer to show an abuse of the process); *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993) (once a prima facie case is made a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith).

We reject as without merit Witt's contentions that the district court was biased and violated his due process rights.

Witt's motion filed on April 21, 2016, is denied.

**AFFIRMED.**